Electronically Filed
Intermediate Court of Appeals
CAAP-14-0001078
28-FEB-2019
08:49 AM

NO. CAAP-14-0001078

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

HAWAII GOVERNMENT EMPLOYEES ASSOCIATION, AFSCME LOCAL 152,
AFL-CIO, Union-Appellant, v. STATE OF HAWAI'I,
DEPARTMENTS OF HEALTH OR HUMAN SERVICES,
AS AGENTS OF GOVERNOR DAVID Y. IGE,[1] Employer-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P. NO. 11-1-570 RAN)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Reifurth, JJ.)

Union-Appellant, Hawaii Government Employees
Association, AFSCME Local 152, AFL-CIO (HGEA) appeals from the
July 25, 2014, Order Denying HGEA's Motion to Vacate Arbitrator
Komatsubara's June 27, 2011 Award Filed September 26 [sic], and
Confirming Said Award (Order Confirming Award) entered by the
Circuit Court of the First Circuit (Circuit Court).[2]

On appeal, HGEA challenges the Circuit Court's entry of
the Order Confirming Award, asserting that it erred by
(1) concluding that Hawaii Revised Statutes (HRS) "Section 76-
14(c)(2) pertains to live actions before the Merit Appeals Board
[(MAB)], a circumstance not present in the instant case[]"
notwithstanding HGEA's argument that the Arbitrator's decision
and award violated the clear public policy mandate of the

---

[1] During the pendency of this appeal, Governor David I. Ige
succeeded Governor Neil Abercrombie as Governor of the State of Hawai'i. Thus
pursuant to Hawai'i Rule of Appellate Procedure Rule 43(c)(1), Governor Ige
has been substituted automatically for former Governor Abercrombie in this
case.

[2] The Honorable Rhonda A. Nishimura presided.

statute; (2) concluding that "HRS Section 658A-23[](d) provides that if the court denies a motion to vacate an award, it shall confirm the award," where the denial of HGEA's motion to vacate the award was error; and (3)

> directing HGEA to litigate its grievance before MAB, violated the explicit, well defined and dominate [sic] public policy set forth in HRS, §76-14(a)(4) which deprives MAB of jurisdiction over cases challenging adverse actions against State of Hawaii civil service employees, such as grievant Tabbada [(Grievant)], who are included 'in collective bargaining coverage under section 89-6, [HRS],' and when it did not, *sua sponte*, vacate the award on the foregoing jurisdictional grounds.

After careful review of the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments raised by the parties, we resolve HGEA's appeal as follows and affirm.

1.    The Circuit Court did not err in denying HGEA's Motion to Vacate Arbitration Award, as the plain language of HRS § 76-14(c)(2) (2012),[3] the basis presented by HGEA for its motion, mandating the suspension of proceedings by the MAB during the resolution by the Hawaii Labor Relations Board of any controversy over the MAB's authority to hear the appeal, did not apply to the arbitration, and in any event did not provide a basis to vacate the Arbitrator's award.

2.    The Circuit Court did not err in affirming the Arbitrator's award as it rejected the grounds presented for vacatur by HGEA and based on the plain language of HRS § 658A-23(d) (2016), which provides, "[i]f the court denies a motion to vacate an award, it shall confirm the award unless a motion to modify or correct the award is pending[,]" and no motion to modify or correct the award appears of record.

---

[3]    HRS § 76-14(c)(2) provides,

> (c) The rules adopted by the merit appeals board shall provide for the following:
>
> . . . .
>
> (2)    The merit appeals board shall not proceed on an appeal or shall hold proceedings in abeyance if there is any controversy regarding its authority to hear the appeal until the controversy is resolved by the Hawaii labor relations board;

2

3.    Contrary to HGEA's allegation, the award did not "direct" litigation of Grievant's claims before the MAB.  Rather, the Arbitrator dismissed the claims, with the exception of the "discipline claim," and invited a subsequent motion to reconsider with regard to this claim if evidence in support could be produced.  Therefore, the Circuit Court did not err in confirming the award on this basis.

Based on the foregoing reasons, the July 25, 2014 Order Denying HGEA's Motion to Vacate Arbitrator Komatsubara's June 27, 2012 Award filed September 26, 2011 and Confirming Said Award is affirmed.

DATED:  Honolulu, Hawai'i, February 28, 2019.

On the briefs:

Charles K.Y. Khim,
for Union-Appellant.

Richard H. Thomason,
Deputy Attorney General,
for Employer-Appellee.

Presiding Judge

Associate Judge

Associate Judge